# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District

Southern District of New York
*Jennifer L. Brown*
Attorney-in-Charge

September 24, 2018

**By ECF**
Honorable Cathy Seibel
United States District Judge
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**Re: United States v. Raheem Vilar**
     **96 Cr. 551 (CLB); 16 Civ. 5283 (CS)**

Dear Judge Seibel:

> The mandate in *Barrett* has issued, and while I understand that a petition for *certiorari* has been filed and there is a Circuit split, statistically speaking it is unlikely the case will be further reviewed. Should *cert.* be granted, however, Petitioner's counsel may so advise the Court. In the meantime, the parties should propose a briefing schedule no later than 3/4/19.
>
> SO ORDERED.
>
> /s/ Cathy Seibel
> CATHY SEIBEL, U.S.D.J.   2/25/19

I write to request that this Court continue the stay in this matter pending the final disposition of United States v. Barrett, 2d Cir. No. 14-2641.

On June 22, 2016, the Federal Defenders of New York filed on behalf of Mr. Vilar a placeholder 28 U.S.C. § 2255 motion, challenging his conviction for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Cr. Dkt. No. 35. The motion argued that neither of Mr. Vilar's predicate offenses (conspiracy to commit carjacking, 18 U.S.C. § 371; attempted carjacking, 18 U.S.C. § 2119) was a "crime of violence" as § 924(c)(3) defines that term. Id. at 4. On August 18, 2016, this Court stayed the motion pending the Second Circuit's disposition of Barrett, and directed the parties to confer and submit a new scheduling proposal within two weeks after Barrett was decided. Cr. Dkt. No. 45.

On September 10, 2018, the Circuit decided Barrett, holding that conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, is a crime of violence within the meaning of § 924(c)(3). 2018 WL 4288566, at *15. First, Barrett held, "a conspiracy to commit a categorical crime of violence" is "itself a categorical

Hon. Cathy Seibel  
United States District Judge

September 24, 2018  
Page 2

**Re:** <u>United States v. Raheem Vilar</u>  
    **96 Cr. 551 (CLB); 16 Civ. 5283 (CS)**

crime of violence" under "§ 924(c)(3)(A) together with § 924(c)(3)(B)." <u>Id.</u> Second, "§ 924(c)(3)(B) is not unconstitutionally vague ... because it can be construed to warrant conduct-specific application by the jury." <u>Id.</u> Both parts of <u>Barrett</u>'s holding therefore depend on the continuing constitutionality of § 924(c)(3)(B), notwithstanding <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018), both of which invalidated similar residual clauses on vagueness grounds.

<u>Barrett</u> has created a split with three other Circuits that have held § 924(c)(3)(B) unconstitutional in light of <u>Johnson</u> and <u>Dimaya</u>. <u>United States v. Davis</u>, __ F.3d __, 2018 WL 4268432 (5th Cir. Sept. 7, 2018); <u>United States v. Eshetu</u>, 898 F.3d 36 (D.C. Cir. 2018); <u>United States v. Salas</u>, 889 F.3d 681 (10th Cir. 2018). In addition, <u>Barrett</u> abrogated in part two prior Second Circuit precedents. <u>See</u> 2018 WL 4288556, at *9 (citing <u>United States v. Acosta</u>, 470 F.3d 132, 134-35 (2d Cir. 2006), and <u>United States v. Ivezaj</u>, 568 F.3d 88, 95 (2d Cir. 2009)). Consequently, further review in <u>Barrett</u>, whether by the Second Circuit en banc or by the Supreme Court, appears likelier in this case than in most.

Because the law in this area is a moving target, Mr. Vilar requests that this Court continue the stay until <u>Barrett</u> is truly "final" -- <u>i.e.</u>, the latest of "when th[e] [Supreme] Court [1] affirms [or vacates] [Barrett's] conviction on the merits on direct review[;] [2] denies a petition for a writ of certiorari[;] or [3] when the time for filing a certiorari petition expires." <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003). Mr. Vilar respectfully submits that this course would best serve judicial economy. The government consents to a continuation of the stay until the issuance of the Second Circuit's mandate in <u>Barrett</u>, but no further.

                                    Respectfully submitted,

                                    <u>/s/ Daniel Habib, Esq.</u>  
                                    Assistant Federal Defender  
                                    Tel.: (212) 417-8769

CC:   Government counsel (by ECF)